## McGAFFEY et al. v. MULKY et al.

No. 15956—Opinion Filed Nov. 17, 1925.

**1. Homestead — Area of Urban Homestead —Effect of Building Restrictions.**

A building restriction running against a lot, to the effect that any residence constructed thereon should be faced to the south street, does not relate to the question of reducing the area of the lot claimed as a homestead, so as to exempt the reserved area of the lot from a forced sale for debt.

**2. Trial—Submission on Agreed Statement —Questions of Law.**

Where the cause is submitted for trial to the court upon agreed stipulation of facts, only questions of law are made for the decision of the court.

**3. Homestead—Rights of Surviving Spouse.**

Sections 1 and 2 of art. 12 of the Constitution of Oklahoma, which created the homestead rights in favor of the family, authorize the Legislature to modify such provisions by its acts. Therefore, the effect of section 1224, Comp. St. 1921, is to continue the homestead benefits in favor of the surviving spouse so long as such surviving spouse may elect to assert the right.

**4. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of F. L. Mulky and against judgment creditors.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Gum Bros. against F. L. Mulky to foreclose real estate mortgage. Judgment creditors were made parties defendant, who filed cross-action to have their judgments declared a lien upon the premises. F. L. Mulky claimed as a homestead the south area of the lot, equal to one-fourth acre. Judgment foreclosing mortgage, and confirming the homestead claim. The judgment set aside the north 61½ feet of the lot for the benefit of the judgment creditors. Judgment creditors, H. T. McGaffey and others, appeal. Affirmed.

Wilson, Tomerlin & Threlkeld, and Selby & Callihan, for plaintiffs in error.

Everest, Vaught & Brewer and L. D. Mitchell, for defendant in error F. L. Mulky.

Opinion by STEPHENSON, C. Kate P. Mulky in her lifetime was the owner of lot 8 in block 2 in Classen's Highland Parked addition to Oklahoma City. The property constituted the homestead of Mrs. Mulky and her husband, F. L. Mulky. The lot is situated in the southeast corner of block 2, facing 100 feet on West 14th street and extending north 170 feet along the west side of Robinson street. The residence, situated on the south part of the lot, faces south and extends within a few feet of the west line of the lot, and within 25 or 30 feet of the east line of the lot on Robinson street. Mrs. Mulky and her husband executed and delivered a mortgage on the premises to Gum Bros. in her lifetime. Several parties obtained judgments against F. L. Mulky prior to the death of Mrs. Mulky. Mrs. Mulky died leaving her husband and an adult son as her next of kin and heirs at law. The husband was appointed administrator of her estate and administered thereon. The husband as the surviving spouse claimed the south 108½ feet facing on 14th street, equal to one-fourth of an acre as a homestead. This selection left 61½ feet of the north part of the lot facing Robinson street. A garage and servant's quarters were situated on the north 61½ feet. Gum Bros. commenced their action against F. L. Mulky as administrator, and in his individual capacity, and against the son and judgment creditors in this action to foreclose their mortgage against the premises. The several judgment creditors, including the plaintiffs in error, filed their cross-action against F. L. Mulky to cause their judgments to be declared a lien against the entire of lot 8. The trial of the cause resulted in a judgment foreclosing Gum Bros.' lien and confirming the south part of the lot and the residence as a homestead in favor of F. L. Mulky. The north 61½ feet of the lot facing on Robinson street was subjected to the liens of the judgment creditors, junior to the mortgage company's lien. The judgment creditors have perfected their appeal to this court and assign several rulings of the trial court as error for reversal here:

(1) That upon the agreed stipulation of facts, a building restriction ran against lot 8 which required any residence or building located thereon to be faced to the south. (2) That F. L. Mulky was not entitled to claim the property as a homestead, as the head of a family. (3) That the restriction requiring a residence constructed on lot 8 to face to the south forbids F. L. Mulky to make a selection of any area that caused the remainder to face on Robinson street.

It was stipulated and agreed between the parties that lot 8 of block 2, along with other lots of the same block, carried a re-

striction to the effect that a residence constructed upon the lot should face to the south on 14th street. The Mulkys constructed their residence in accordance with the restriction. The residence was constructed on the south part of the lot, and within a few feet from the west side of the lot, and about 20 or 25 feet from the east boundary of the lot. The selection of the south area of the lot equal to one-fourth of an acre in no way violated the building restriction running with the lot. The restriction relating to the construction of a residence thereon, and the homestead rights given Mulky by the Constitution and statutes, are entirely different and disassociated questions. The selection of a fraction of the lot occupied as a homestead must be selected in a manner consistent with the rights of the surviving spouse and any creditors. The surviving spouse would not be authorized to select a fraction of the lot in a way and manner which showed a disregard for the rights of judgment creditors. Elliott v. Bond, 72 Okla. 3, 176 Pac. 242, 991.

Mulky was not able to select a fraction of the lot extending through to the north boundary of the lot so as to include the residence, and at the same time not greater than one-fourth of an acre in area. Mulky selected the only fraction of the lot possible, so as to include the residence, and at the same time reduce the fraction to one-fourth of an acre in area.

Mulky was entitled to select one-fourth of an acre in area from the lot, so as to include the residence, provided the selection was not manifestly made in a manner without regard to the interests of other parties. Finerty et al. v. First Nat. Bank of Duncan, 92 Okla. 102, 218 Pac. 859. The defendant in error does not come within the rule applied in the Elliott Case.

The plaintiffs in error submit the proposition that F. L. Mulky is not entitled to claim the benefits of a homestead in the property occupied by the defendant in error and the decedent during her lifetime as a homestead. Sections 1 and 2 of art. 12, of the Constitution of Oklahoma, refer to the homestead as being created for the benefit of the family. Section 6595, Comp. St. 1921, provides for reserving certain property to the head of the family, free from forced sale, etc. Section 1224, Comp. St. 1921, provides that upon the death of the husband, or wife, the survivor may continue to possess and occupy the homestead. The plaintiffs in error contend that F. L. Mulky does not occupy the status of a family, as no

other member of the family was left dependent upon Mulky after his wife died. Rolater v. King, 13 Okla. 37, 73 Pac. 291, is cited as holding that the surviving spouse does not occupy the status of a family within the meaning of sections 1 and 2 of art. 12, supra.

The construction contended for as applying to sections 1 and 2 of art. 12, supra, is correct when applied to the two sections standing alone. The homestead rights in favor of the family, and the exemptions provided in relation thereto, are found entirely in article 12 of our Constitution. Counsel overlooks the closing paragraph of section 3 of art. 12, which is in the following language:

"The Legislature may change or amend the terms of this article."

The article which created the homestead rights and provides exemptions from forced sale also authorizes the Legislature to amend and change such provisions and conditions. Hamra et al. v. Fitzpatrick, 55 Okla. 780, 154 Pac. 665. The Rolater Case is not applicable to the question presented here for the reason that the case involved a construction of section 6595, Comp. St. 1921, in relation to the effect of the section, as construed by the Supreme Court of Oklahoma Territory, before the enactment of the constitutional provisions in question. The conclusion reached and applied in the Rolater Case would no doubt be proper now, as applied to exemptions in relation to personal property reserved to the head of a family. In view of the closing paragraph of section 3, supra, we must give effect to section 1224, supra, in conjunction with sections 1 and 2, of art. 12 of our Constitution. The Supreme Court of the Territory of Oklahoma in the case of Betts et al. v. Mills, 8 Okla. 351, 58 Pac. 957, had before it the question of construing the meaning of the term "family," as used in the language of a statute similar to section 6595, supra. The court in the Betts Case held that the phrase "reserved to the head of a family" did not mean a surviving spouse; that in order to come within the meaning of the phrase, there must be some surviving member of the family dependent upon the surviving spouse. The construction placed upon the meaning of the phrase, as used in the statute in the Betts Case, was proper in view of the fact that the section was being considered independent of provisions similar to those embodied in article 12 of our Constitution.

The question made by the plaintiffs in error was first before this court, after state-

hood, in the case of Holmes et al. v. Holmes, 27 Okla. 140, 111 Pac. 220. The court in the Holmes Case construed the constitutional provisions in conjunction with section 1224, supra, to mean that the surviving spouse was entitled to continue the enjoyment of the homestead rights although no surviving member of the family was left who was dependent upon the surviving spouse for support. The rule applied in the Holmes Case was approved in Belt v. Bush, 74 Okla. 94, 176 Pac. 935. F. L. Mulky as the surviving spouse was authorized under Constitution and statutes to select an area equal to one-fourth of an acre from lot 8, so as to include the residence and enjoy the benefits of the same as a homestead free from a forced sale.

The fact that Mulky owns the fee as tenant in common with his adult son does not interfere with the former's right to claim the property as a homestead. Baker v. Grayson, 86 Okla. 159, 207 Pac. 301; Atlas Supply Co. v. Blake, 51 Okla. 778, 152 Pac. 601.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. 832, §115. (2) 38 Cyc. p. 1934. (3) 29 C. J. pp. 786, §8 (Anno); 1009, §498; anno. 4 L. R. A. (N. S.) 380; L. R. A. 1917C, 365; 13 R. C. L. p. 665; 3 R. C. L. Supp. p. 71; 5 R. C. L. Supp. p. 705. (4) 4 C. J. p. 1129, §3122.