**DREYFUS, Ex'r, v. DICKASON.**

No. 25494.   April 7, 1936.

478

Milsten & Milsten, for plaintiff in error.

Robert W. Kellough and Booth Kellough, for defendant in error.

PER CURIAM. This matter presents an appeal from the district court of Tulsa county from a judgment rendered for the defendant in error, Irene Buel Dickason, as plaintiff in the trial court, against Henry Dreyfus, as one of the defendants, quieting title in the plaintiff to certain real estate in the city of Tulsa described as lot 12 in Drew's subdivision of block 4 of the Campbell addition to the city of Tulsa, Tulsa county, state of Oklahoma. During the pendency of this action in this court Henry Dreyfus, the plaintiff in error, departed this life and the case was revived in the name of Asher Dreyfus, as executor of the estate of Henry Dreyfus, deceased.

A. T. Alison, the father of Irene Buel Dickason, plaintiff below, conveyed the real estate in question to her by quitclaim deed about 30 days following the death of his wife, who was at the time of her death the record owner of said real estate. Up to the time of her death and for a number of years prior thereto she and the said A. T. Alison, as husband and wife, and the plaintiff, Irene Buel Dickason, during her minority, occupied the real estate as the family homestead. At the time of the conveyance to the plaintiff, however, the plaintiff had reached majority and was no longer living at home; that plaintiff was the only child of the parties; so at the time of the death of Mrs. Alison, A. T. Alison became the fee owner of an undivided one-half interest in the said homestead property and the right to use said property as his home during his lifetime. On April 22, 1927, some years prior to Mrs. Alison's death, a judgment was obtained against A. T. Alison, the grantor of the plaintiff in the trial court, by the decedent of the plaintiff in error, Henry Dreyfus, which judgment was in full force and effect, said judgment being for the sum of $5,000, together with attorneys' fees and interest and court costs. The suit in so far as the issues made up between the parties to this appeal are concerned involves the effect of the judgment in favor of Henry Dreyfus against A. T. Alison as a lien on the property following the death of his wife.

It is the contention of the plaintiff in error that the homestead exemption laws of Oklahoma only apply to the "head of a family," and that A. T. Alison ceased to be the "head of a family" upon the death of his wife, since there was no family residing at said home, and that, therefore, the judgment in favor of decedent of plaintiff in error constituted a lien on the undivided one-half interest in said real estate of the said A. T. Alison, and that, therefore, he could not convey this said interest to his adult daughter, the defendant in error, without first satisfying said lien.

It is the contention of the plaintiff in error: (1) That on the death of Mary Buel Alison in July of 1931, her husband, A. T. Alison, became vested as heir at law with an undivided one-half interest in and to the said property occupied by them as their homestead; (2) that the judgment in favor of Dreyfus against A. T. Alison attached to his inherited one-half interest upon the death of his wife, Mrs. Alison, because he, the said A. T. Alison, ceased to be the head of a family, and, therefore, was not entitled to a homestead exemption in said real estate; and (3) that the said A. T. Alison waived his right to said homestead when he conveyed the same by quitclaim deed to his daughter, Irene Buel Dickason, the defendant in error herein.

We agree with the first contention raised by plaintiff in error, that upon the death of Mary Buel Alison on July 12, 1931, A. T. Alison became vested as heir at law of an undivided one-half interest in and to the property, but to the second contention of plaintiff in error we cannot agree. This court has passed adversely on the contention of the plaintiff in error in this respect in numerous cases, among which is the case of

Holmes v. Holmes, 27 Okla. 140, 111 P. 220, 30 L. R. A. (N. S.) 920, in which it was held that under our Constitution and statutes the surviving spouse was entitled to continue the enjoyment of the homestead rights, although no surviving member of the family was left who was dependent upon the surviving spouse for support. This case was later approved in the case of Belt v. Bush, 74 Okla. 94, 176 P. 935, and again in McGaffey v. Mulky, 115 Okla. 44, 241 P. 480.

It is then contended by the plaintiff in error that A. T. Alison had a right to waive his homestead rights in said property, which contention is correct, but we cannot agree with the contention of the plaintiff in error that simply because A. T. Alison conveyed the property by quitclaim deed to his adult daughter, this amounted to a waiver of his homestead rights prior to his conveyance of the property to his daughter, the defendant in error herein. There is nothing in the record to show that A. T. Alison did not continue to claim the property as his homestead up to the time he conveyed it by quitclaim deed to his daughter, about a month following the death of his wife. If, at the time A. T. Alison conveyed the property by quitclaim deed to his daughter, Irene Buel Dickason, the defendant in error herein, the said property was his homestead and entitled to the exemptions of homestead property against forced sale by judgment creditors, said conveyance was free and clear of all debts and liabilities of the grantor except such debts and liabilities as would be enforceable against a homestead prior to the conveyance thereof. See Japp v. Sapulpa State Bank, 90 Okla. 56, 215 P. 1059, in which this court held that a judgment against the owner of a homestead does not constitute a lien which must be satisfied before the owner can convey unencumbered title thereto.

No reversible error appearing in the record, we recommend the judgment of the trial court be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys W. P. Morrison, Edward Spiers, and J. R. Spielman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Morrison and approved by Mr. Spiers and Mr. Spielman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.