AMERICAN IRON & MACHINE WORKS COMPANY, Inc., Plaintiff-in-Error,

v.

INSURANCE COMPANY OF NORTH AMERICA, a corporation, Defendant-in-Error.

No. 39770.

Supreme Court of Oklahoma.

Sept. 25, 1962.

Withington, Shirk, Nichols & Work, by William J. Robinson, Oklahoma City, for plaintiff in error.

Monnet, Hayes, Bullis, Grubb & Thompson, by Glenn H. Grubb, Oklahoma City, for defendant in error.

HALLEY, Justice.

Parties will be referred to as in the trial court.

Plaintiff took out an insurance policy with the defendant. It was an "Industrial Machinery and Tool Dealers" policy and covered the plaintiff's stock of goods. This included a portable slush pump. It also covered "all risk of physical loss or damage" with certain exceptions. This portable slush pump was damaged by being exposed to freezing temperatures and plaintiff brought suit against defendant on its policy alleging damages to the extent of $3,233.96. The defendant denied liability under the policy because of the "Losses Not Covered" provision of the policy which is as follows:

"This policy does not insure against loss or damage caused by or resulting from:

* &ast; &ast; &ast; &ast; &ast;

"d. Wear, tear, gradual deterioration, dampness of atmosphere or change in temperature, moth, vermin, inherent vice; &ast; &ast; &ast;"

The cause was tried to the court without a jury on an agreed stipulation of facts. Paragraph 3 of the stipulation provided as follows:

"That on the 3rd day of January, 1959, and for several days preceding said date, freezing occurred in the atmosphere of the location of the said portable slush pump which caused direct damage to the parts and mechanism of the said portable slush pump."

It is presumed that the freezing took place in Oklahoma.

The question in this lawsuit is whether the foregoing exception exempted the defendant from liability. We think it does.

It is a matter of common knowledge that temperatures are never static in Oklahoma. Such being the case, the trial court was justified in deciding that the damage to plaintiff's pump was the result of a change in temperature. 15 O.S.1961 § 160, is as follows:

"Words to be taken in ordinary sense —Exceptions.—The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

Under this section the policy is quite plain that any loss from any change in temperature was not to be compensated for.

The plaintiff raises three propositions, which are:

"1. The burden of proof that loss was caused by an excepted peril rests with insurer.

"2. The District Court misconstrued the policy when applying it to the facts. In this regard, the District Court erred in finding for the insurer without sufficient evidence extrinsic or otherwise, concerning the meaning of the expression 'dampness of atmosphere or change in temperature' given by use thereof which would sustain the general finding for insurer."

"3. If the efficient, proximate cause of loss is due to an insured peril, the insurer is liable under the policy. The tort rule of proximate cause is inapplicable."

The policy is so plain on the provisions of "losses not covered" that there simply cannot be any liability upon the defendant. To go along with the plaintiff would take a strained and distorted construction of the English language.

In the early case of Goodwin v. Kraft, 23 Okl. 329, 101 P. 856, we said:

" &ast; &ast; &ast; where a case is presented on an agreed statement of fact, the only

question that can be considered is whether they require a judgment for plaintiff as a matter of law. * * *"

In McGaffey v. Mulky, 115 Okl. 44, 241 P. 480, we also said:

"Where the cause is submitted for trial to court upon agreed stipulation of facts, only questions of law are made for the decision of the court."

There was no duty on defendant to go further and show that freezing was a change in temperature.

We think it quite plain that plaintiff and defendant agreed that defendant should not be liable for any loss or damage caused by or resulting from " * * * change in temperature."

We think the statement in Bennett v. Preferred Acc. Ins. Co. of New York, 10 Cir., 192 F.2d 748, is sound. We set it out:

"Insurance is written to cover a variety of risks and combination of risks and premiums are calculated according to the risk. There can be no doubt in this case as between Preferred and Bennett that the parties were at liberty to contract for insurance to cover such risks as they saw fit and be bound by the terms of the contract, and courts may not rewrite the contract. * * *"

The provisions are to us plain. The defendant never intended to cover damage to plaintiff's property whether due to extreme cold or heat and proper words were used to exempt it from liability. We wish to quote from Vol. 13 of Appleman's Insurance Law and Practice, Section 7386, at p. 36:

"The construction of an insurance policy should be a natural and reasonable one, fairly construed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result. Resort may properly be had to the doctrine of probability and reasonableness. It is a practical rather than a literal or technical construction which is deemed desirable."

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.