Gail Marie LOPER, and Matt Dowling, Appellants,

v.

Don AUSTIN, Court Clerk, Tulsa County, Oklahoma, Appellee.

No. 51185.

Supreme Court of Oklahoma.

June 12, 1979.

Bill M. Chaffin, Schick & Dowling, Oklahoma City, for appellants.

S. M. Fallis, Jr., Dist. Atty., Andrew B. Allen, Asst. Dist. Atty., Tulsa, for appellee.

IRWIN, Vice Chief Justice.

Appellants, Loper and Dowling, recovered a judgment against Tommy Wayne Turner in the District Court of Haskell County. In an attempt to impress a lien upon property owned by Turner in Tulsa County, appellants filed a copy of the judgment with appellee Austin's office. For purposes of this appeal it is undisputed that appellee, or his employee, filed that judgment under the wrong name in the judgment docket in Tulsa County. Plaintiffs contend that appellee's error allowed Turner to sell real estate located in Tulsa County without first satisfying this judgment.

Austin filed a Motion for Summary Judgment attaching affidavits by a Deputy County Assessor and Turner which indicate that the only property owned by Turner in Tulsa County was his homestead. Since the judgment lien could not attach to homestead property, trial court determined that no "damage" had been suffered by the appellants as a result of appellee's negligence. Since "damage" or "injury" is one of the elements essential to a case of negligence, it was determined that summary judgment was proper.

In *Runyon v. Reid*, Okl., 510 P.2d 943, 946 (1973), this Court considered the showing required on a Motion for Summary Judgment and noted:

"In cases such as this where defendant moves for a summary judgment and is not relying upon an affirmative defense, the defendant must show that there is no substantial controversy as to one fact material to plaintiff's cause of action and that this face is in defendant's favor." (Citations omitted)

"Once defendant has introduced evidentiary materials indicating that there is no substantial controversy as to one fact material to plaintiff's cause of action and that this fact is in defendant's favor, plaintiff then has the burden of showing that evidence is available which would justify a trial of the issue."

The evidentiary materials submitted by appellee met this burden. Appellants produced no evidentiary materials in response but assert the questions of fact still exist.

This assertion is premised first on the argument that Turner's affidavit is insufficient to establish the homestead character of the property since appellants had

not cross-examined Turner. It is argued that trial court never ruled on a motion to require appellee to produce Turner for deposition. That motion recites that appellee had given appellants Turner's address, but indicates that he had not been contacted by appellants. No authority is cited which would require a defendant to produce an individual for deposition over whom he has no control. At no time did the appellants request the court for a continuance of the consideration of the summary judgment until Turner's deposition could be taken. They assert in briefs that efforts have been made to locate the witness, but no evidence was presented to the trial court concerning these efforts. Appellants did not even favor the trial court, or this Court, with what evidence it hopes to obtain by taking Turner's deposition. Appellants had the burden of producing evidence to counter Turner's affidavit, and they have not shown that circumstances are such that the affidavit should be disregarded.

Appellants next assert that the homestead character of property is always a question of fact for the jury since it depends on the intention and mental state of the owner. Every fact determined summarily under the rule invoked here is normally a question of fact for the jury. Summary judgment is the procedure designed to determine whether there is conflicting evidence on the existence of that fact. Turner's affidavit clearly establishes that the property was his homestead.

Citing *Kunauntubbee v. Greer*, Okl., 323 P.2d 725 (1958), appellants contend that the declared intentions of the owner are not controlling. In that case, despite the expressed intention of the owner, there was ample evidence that the homestead had been abandoned. If there is any evidence to contradict Turner's expressed intention to occupy the property in question as a homestead, appellants had the burden of bringing it to the attention of the trial court. They did not do so.

Appellants next contend that the homestead character of the property is not determinative of whether injury has been sustained. They assert, without giving any support by evidentiary materials, that even if the property was homestead, Turner would have been unable to sell it without satisfying their judgment. The contention is that no competent title examiner would have approved the title as "marketable" as long as the judgment remained unsatisfied and potentially a lien on the property should it later be found not to be homestead.[1] Unfortunately, appellants have not produced a single piece of evidentiary material to support this assertion. Mere contention that facts exist or might exist is not sufficient to withstand summary judgment. *Culpepper v. Lloyd*, Okl., 583 P.2d 500 (1978).

Appellants premise their action upon negligence. It is well established that in order to recover in a case of negligence, the plaintiff must show: (1) a duty; (2) negligence or violation of that duty; (3) proximate cause; and (4) damage or injury. The affidavits filed by appellee in support of his motion showed that there was no substantial controversy as to existence of at least one of the elements, damage or injury. Appellants did not produce any evidentiary materials which demonstrated that injury had been suffered. Accordingly, summary judgment was proper.

CERTIORARI GRANTED; OPINION OF COURT OF APPEALS VACATED; JUDGMENT OF TRIAL COURT AFFIRMED.

LAVENDER, C. J., and BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

HODGES and DOOLIN, JJ., dissent.

---

1. In *Dreyfus v. Dickason*, 176 Okl. 477, 56 P.2d 881 (1936) we held:

    "A homestead may be sold and conveyed by its owner and the purchaser will take title free and clear of all judgment liens or debts except those enumerated in Section 2, Article 12, of the Constitution".