770 F.2d 984
 3 Fed.R.Serv.3d 959, 19 Fed. R. Evid. Serv. 198,
Prod.Liab.Rep.(CCH)P 10,671
 Alexander EVERS, Jr., individually and as legal guardian of
Marcia Evers, his wife, incompetent and a legal
guardian of Selena Evers, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, a foreign corporation, Defendant-Appellee.
 No. 84-3619.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 10, 1985.
 
 Jon H. Anderson, Lane, Trohn, Bertrand & Williams, Lakeland, Fla., and Kenneth L. Connor, Lake Wales, Fla., for plaintiff-appellant.
 J. Richard Caldwell, Jr., Rumberger, Kirk & Caldwell, Orlando, Fla.; Byron Attridge, King & Spalding, Gary J. Toman, Lanny B. Bridgers, Atlanta, Pa., for defendant-appellee.
 Jones, Jones, Baldwin, Curry & Roth, Marshall, Tex.; Hogan, Smith, Alspaugh, Samples & Pratt, P.C., James R. Pratt, III, Birmingham, Ala., and Larry Coben, Litvin, Blumberg, Matusow & Young, Philadelphia, Pa., for ATLA.
 Stephen P. Teret, Baltimore, Md., for APHA & NAPHP.
 Arthur H. Bryant, Washington, D.C., Emond & Vines, Birmingham, Ala., and George A. Malinsky, Tubac, Ariz., for TLPJ.
 Robert R. Tiernan, Washington, D.C., for ABIC.
 Edward P. Good, Detroit, Mich., for MVMA.
 Robert L. Stern, Mayer, Brown & Platt, Stephen M. Shapiro, Daniel M. Harris, Chicago, Ill., for PLAC.
 Pacific Legal Foundation, Sacramento, Cal.; Sam Kazman, David N. Baumann, Washington, D.C., for CA and PLF.
 Appeal from the United States District Court for the Middle District of Florida.
 Before HENDERSON and CLARK, Circuit Judges, and HOFFMAN*, District Judge.
 CLARK, Circuit Judge:
 
 
 1
 This is an appeal from a summary judgment order entered by the district court in a products liability action.
 
 
 2
 The facts giving rise to this litigation are relatively simple and generally undisputed. The appellant was injured, on October 20, 1974, when the automobile in which she was driving was struck by a Toyota. The Toyota ran a stop sign while entering an intersection and was traveling at approximately 30-35 miles per hour at the point of collision. The appellant was operating a Grand Prix manufactured by the defendant and was traveling at approximately 45 miles per hour at the point of collision. The Toyota struck the appellant's vehicle on the left side near the driver's door. The impact of the collision caused both a crippling pelvic injury and permanent brain damage to the appellant. Appellant's liability claim can be generally categorized as alleging a defect in the passenger restraint system and a defect resulting from the appellee's failure to install an inflatable restraint system, commonly known as an "air bag."
 
 
 3
 The district court in granting summary judgment found that as to appellant's claim of defect in the seat belt system, appellant had failed to put forth any evidence that a defect existed or contributed to appellant's injuries. As to appellant's allegation of a design defect in failing to install an "air bag," the court refused to declare such a requirement as a new basis for tort liability. With regard to the latter theory, appellant offered the affidavit of Carl F. Thelin,[1] who testified that an "air bag" restraint system would probably have reduced the severity of, or prevented the appellant's injuries and, further, that in his opinion, the appellee's failure to incorporate an "air bag system" constituted a defect in the design of the automobile. The court found that the affidavit would create an issue of material fact as to the question of a design defect if the appellant's overall "air bag" theory was available as a basis for liability. However, because the court had rejected this theory of liability, it found that the affidavit did not bear upon an issue of material fact.
 
 
 4
 We affirm the district court's grant of summary judgment.
 
 
 5
 First, with regard to the district court's refusal to create a new basis of tort liability based upon a manufacturer's failure to install an air bag system, we note that Florida law governs the rights and liabilities of the parties. A review of relevant Florida case law indicates that the Florida courts have not addressed the question of the availability of tort liability for failure to install an air bag. Ordinarily when a new theory of liability is asserted and there is no decision by the state court dispositive of the proposition of law, this court certifies the question to the State Supreme Court for resolution. See Green v. American Tobacco Company, 304 F.2d 70, 86 (5th Cir.1962).
 
 
 6
 However, having independently reviewed the Thelin affidavit, we are of the opinion that the affidavit fails to raise an issue of material fact to support appellant's air bag theory. Therefore, summary judgment was available on this ground alone and no material issue is presented worthy of certification to the Supreme Court of Florida. To the extent that the district court found that the affidavit would have created an issue of material fact had the overall air bag theory been available as a basis for liability, we overrule the finding of materiality as clearly erroneous.
 
 
 7
 The Thelin affidavit, filed two days before the hearing on Defendant's Motion for Summary Judgment, fails to provide any specific facts to support appellant's claim.[2] Moreover, this affidavit sharply contradicted the earlier deposition testimony of Dr. Huelke, who as a witness for appellant, explained at deposition that air bags are not designed to provide protection in a side impact, and that there was no defect in the vehicle related to appellant's injuries.
 
 
 8
 When a properly supported summary judgment motion has been made Fed.R.Civ.P. 56(e) provides that "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him."
 
 
 9
 This court has consistently held that conclusory allegations without specific supporting facts have no probative value. Gordon v. Terry, 684 F.2d 736, 744 (11th Cir.1982), cert. denied, 459 U.S. 1203, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983); Broadway v. City of Montgomery, 530 F.2d 657, 660 (5th Cir.1976).
 
 
 10
 Appellant attempts to save the deficient affidavit of expert Thelin through Rules 703 and 705 of the Federal Rules of Evidence. Rule 703 permits an expert to base opinions or inferences on facts or data not admissible in evidence if they are of a type reasonably relied upon by experts in the field. Rule 705 permits an expert to give opinion testimony without prior disclosure of the underlying facts or data.
 
 
 11
 At least two other circuits have addressed this issue and found that Rules 703 and 705 do not alter the requirement of Fed.R.Civ.P. 56(e) that an affidavit must set forth specific facts in order to have any probative value. See United States v. Various Slot Machines on Guam, 658 F.2d 697, 700-701 (9th Cir.1981); Merit Motors, Inc. v. Chrysler Corp., 569 F.2d 666, 672-73 (D.C.Cir.1977). As noted by the court in Merit Motors, Rule 703 "was intended to broaden the acceptable bases of expert opinion, but it was not intended, as appellants seem to argue, to make summary judgment impossible whenever a party has produced an expert to support its position." Merit Motors, 569 F.2d at 673 (footnote omitted).
 
 
 12
 We agree with our sister circuits and hold that a party may not avoid summary judgment solely on the basis of an expert's opinion that fails to provide specific facts from the record to support its conclusory allegations. Thelin's affidavit, though it purports to be based upon a review of the evidence, fails to provide specific facts to back up its conclusory allegations. Most importantly, there is no specific mention of how an "air bag" would have aided in a side-impact collision. Thus, the affidavit fails to rebut prior testimony which had consistently found that an "air bag" would not prevent injury in such a collision. Summary judgment was appropriate under the facts of this case.
 
 
 13
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Mr. Thelin served as a Senior Design Engineer for General Motors Corporation, having responsibility for the Road Test and Crash Test Facilities and has rated automobile occupant restraints and crashworthiness for Consumer Reports Magazine since 1972
 
 
 [2]
 The Thelin affidavit stated in pertinent part:
 
 
 [1]
 I am qualified to testify as an expert witness in connection with automobile design and crashworthiness, having served as a Senior Design Engineer for General Motors Corporation; Section Head (with responsibility for the road test and crash test facilities) at Calspan (a contract research laboratory then known as Cornell Aeronautical Labs); and having rated automobile occupant restraints and crashworthiness for Consumer Reports magazine since 1972
 
 
 [2]
 I have examined photographs of the automobiles involved in this case, reviewed the depositions of several key witnesses, visited the scene of the collision, and performed an analysis of the kinematics related to the Pontiac Gran Prix and Toyota automobiles involved
 
 
 [3]
 Based on my analysis, it is my opinion that an "air bag" occupant restraint system would probably have reduced the severity of, or prevented, the injury sustained by Marcia Evers in this collision
 
 
 [4]
 It is my further opinion that the failure of General Motors Corporation to incorporate an "air bag" system of automatic crash protection for the occupants of this automobile constituted a defect in the design of the automobile