946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
GEO-PLEX CORPORATION, Floyd Hanes, Fred Washington,
Defendants-Appellants.
 No. 90-5096.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal from summary judgment entered by the district court awarding the government $100,000 in this action for enforcement of the Clean Air Act (Act). The district court held as a matter of law that defendants, through their marketing and sale of a device designated the "Itron," caused the removal of catalytic converters on forty vehicles in violation of section 203(a)(3)(B) of the Act, 42 U.S.C. § 7522(a)(3)(B) (1988).
 
 
 3
 We review summary judgment determinations de novo, applying the same legal standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Thus, we may affirm summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). While we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment, the nonmoving party nevertheless must set forth specific facts showing that there is a genuine issue for trial. Abercrombie, 896 F.2d at 1230; see Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir.1985) (conclusory allegations without specific supporting facts have no probative value in summary judgment proceedings).
 
 
 4
 Upon consideration of the various contentions argued by defendants on appeal, we conclude that the district court correctly entered judgment for the government. The cause provision of section 7522(a) encompassed defendants' conduct, the legal consequences of which are not, under the circumstances presented, either negated, excused, or abrogated by defendants' assertion of good faith intentions and the doctrine of equitable estoppel.
 
 
 5
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3