968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leon E. BOOMERSHINE; Ann Cramer, Individually and as
Trustee of the Leon Eugene Boomershine Irrevocable Trust and
the Gene Boomershine Irrevocable Trust; Duane Cramer;
Jacqueline Helscel; Dena Helscel; and Tammy Helscel,
Defendants-Appellants,
and
Mary M. Boomershine, Defendant.
 No. 91-7107.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The United States brought this action against Defendants Leon Boomershine, Ann Cramer, individually and in her capacity as trustee of the Leon Eugene Boomershine Irrevocable Trust and the Gene Boomershine Irrevocable Trust, Duane Cramer, Jacqueline Helscel, Dena Helscel, and Tammy Helscel.[1] The government sought, pursuant to 26 U.S.C. §§ 7401-7403, to reduce Boomershine's unpaid tax liability to judgment, to set aside as fraudulent his conveyances of real property to the other defendants, and to foreclose federal tax liens against the fraudulently transferred property.[2]
 
 
 3
 On December 27, 1983, the Internal Revenue Service (IRS) notified Boomershine and his then wife, Mary Boomershine,[3] of tax deficiencies and additions to tax for the tax years 1975, 1976, and 1977 in the amount of $250,411.92. Supp.App. at 47-48. The Boomershines contested the deficiencies, and on October 9, 1987, the Tax Court entered an order finding the Boomershines deficient and owing additions to tax in the amount of $232,553.13. Id. at 123. Following notice of the deficiencies in 1983, the Boomershines made various transfers of property to their children and to trusts for the benefit of their grandchildren. Several of these transfers involved the use of a "strawman."
 
 
 4
 The district court determined that the transfers were fraudulent. The court granted the government's motion for summary judgment, entered judgment for the government in the amount of $1,182,542.40, upheld the tax liens on the disputed properties, and ordered the properties foreclosed and sold to satisfy the liens. Defendants argue that Boomershine's affidavit, submitted in opposition to the government's motion for summary judgment, creates a genuine issue of material fact, and therefore, summary judgment is inappropriate. We disagree.
 
 
 5
 "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Summary judgment is appropriate when the nonmoving party's evidence is " 'merely colorable' " or short of " 'significantly probative' " on a material issue. Mosier v. Maynard, 937 F.2d 1521, 1524 (10th Cir.1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).
 
 
 6
 A federal tax lien arises upon assessment for unpaid taxes, and attaches to all property belonging to the delinquent taxpayer. 26 U.S.C. §§ 6321-6322. Under ordinary circumstances, a tax lien will not attach to property which the taxpayer has transferred and no longer owns. However, if a taxpayer fraudulently transfers property in anticipation of the imposition of a tax lien, the government may seek relief under the applicable fraudulent conveyance laws of the state in which the property is located, in this case Oklahoma. See Commissioner v. Stern, 357 U.S. 39, 44-45 (1958).
 
 
 7
 If a taxpayer attempts to avoid collection of a tax debt by transferring property into the names of third parties who act as nominees, straw parties, or alter egos of the taxpayer, the transfers will be considered fraudulent and the government will be allowed to go forward with foreclosure on the properties. See generally G.M. Leasing Corp. v. United States, 514 F.2d 935, 939-40, 942 (10th Cir.1975), rev'd on other grounds, 429 U.S. 338 (1977) (accepting court of appeals determination that assessment and levies were valid and that petitioner was taxpayer's alter ego); United States v. Miller Bros. Constr. Co., 505 F.2d 1031, 1036 (10th Cir.1974).
 
 
 8
 At issue then is whether Boomershine's transfers of various parcels of property amount to fraudulent conveyances under Oklahoma law. The applicable Oklahoma statute concerning fraudulent conveyances, the Uniform Fraudulent Transfer Act, Okla.Stat. tit. 24, § 116(A),[4] defines a fraudulent transfer as follows:
 
 
 9
 A. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
 
 
 10
 1. with actual intent to hinder, delay, or defraud any creditor of the debtor; or
 
 
 11
 2. without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
 
 
 12
 ....
 
 
 13
 b. intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
 
 
 14
 The indicia of fraud as to conveyances of real property are insufficient consideration; insolvency of the transferor; familial relationship, by blood or marriage, of the transferor and transferee; the pendency or threat of litigation; and the transfer of all of the transferor's estate. Ebey-McCauley Co. v. Smith, 353 P.2d 23, 28 (Okla.1960). The record indicates that a majority of these factors are present in this case.
 
 
 15
 On appeal, Defendants argue only that Boomershine was solvent at the time of the transfers, and therefore, the transfers were not fraudulent conveyances. Defendants contend that Boomershine's affidavit, submitted in opposition to the government's request for summary judgment, was sufficient to create a genuine issue of material fact as to his solvency which precludes the grant of summary judgment.
 
 
 16
 Whether a party's affidavit in opposition to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in light of the principle that 'conclusory allegations without specific supporting facts have no probative value.' " Nichols v. Hurley, 921 F.2d 1101, 1113 (10th Cir.1990) (quoting Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir.1985)). Boomershine's averment that he "had sufficient assets, cash on hand, or cash flow that [he] should not be deemed insolvent or said transfers deemed fraudulent or invalid as a matter of law," Appellant's App. at 41, is a "conclusory statement of the ultimate issue" and is not adequate to avoid summary judgment. Nichols v. Hurley, 921 F.2d at 1114. Boomershine further stated in his affidavit that in either "1986 or early 1988" he had received an insurance settlement in excess of $160,000.00. Appellant's App. at 41-42. He failed, however, to attest to the existence or availability of these funds. See Atlas Corp. v. DeVilliers, 447 F.2d 799, 805 (10th Cir.1971) (in the face of evidence of insolvency, defendant's "bald statement in an affidavit that he was solvent" did not defeat summary judgment), cert. denied, 405 U.S. 933 (1972). Accordingly, Defendants' argument, that these funds should be considered in deciding Boomershine's solvency, must fail.
 
 
 17
 We hold that Defendants did not make an adequate showing of the existence of a genuine issue of material fact. Accordingly, the district court properly entered summary judgment for Plaintiff, and the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Ann Cramer and Jacqueline Helscel are the daughters of Leon Boomershine. Duane Cramer is his son-in-law, and Dena and Tammy Helscel are his grandchildren
 
 
 [2]
 There are six parcels of real property which were in dispute. One parcel, previously transferred to Boomershine's son, Leon E. Boomershine II, has been determined fraudulently conveyed, and has been foreclosed. Defendants do not appeal this judgment. Consequently, five parcels remain at issue
 
 
 [3]
 Leon and Mary Boomershine were divorced in 1987. It appears that the IRS has not pursued Mary Boomershine in regard to the tax deficiency, and she is not a party to this appeal
 
 
 [4]
 Oklahoma's Uniform Fraudulent Conveyance Act, Okla.Stat. tit. 24 §§ 101-111, was repealed in 1986 and replaced with the Uniform Fraudulent Transfer Act herein referenced. The district court determined, and Defendants do not refute, that the minor language differences are irrelevant to the facts of this case