986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy Dean ROWELL, Personal Representative of the Estate of
Christopher Kyle Rowell and Ryan Rowell, deceased; Karen
Rowell, Personal Representative of the Estate of Christopher
Kyle Rowell and Ryan Rowell, deceased; Walter Dean Rowell,
Individually and as Personal Representative of the Estate of
Linda Sue Rowell, deceased, Plaintiffs-Appellants,
v.
JIM WALTERS HOMES, INC., Defendant-Appellee.
 No. 92-6173.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 1
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CLARENCE A. BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiffs appeal from a summary judgment entered in favor of defendant in this negligence/breach of warranty action brought to recover damages arising out of a fatal fire in a house that defendant designed and built. Plaintiffs have limited the scope of this appeal to the adverse disposition of their negligence claim, which is premised on defendant's failure to include a rear exit on the house through which the victims of the fire might have escaped to safety. We review the district court's determination de novo using the same general standards aptly summarized in its order, see Applied Genetics International, Inc. v. First Affiliated Securities, Inc., 912 F.2d 1238, 1241 (10th Cir.1990), and affirm.
 
 
 6
 Pertinent physical facts about the house and fire are recounted in the district court's order:
 
 
 7
 The undisputed facts establish that the fire began as a result of [three year old Cody Rowell's] playing with a cigarette lighter, with which he ignited a foam rubber mattress in the southwest bedroom of the house. The fire was spread throughout the house when Linda Rowell, Walter Rowell, or both attempted to remove the mattress from the house. The house had three door exits and seven window exits. Two of the door exits are sliding glass doors on the south end of the house. In addition to the sliding glass doors, the house was equipped with a wood-frame door on the west side of the house, just south of the bedroom in which the fire began. Each of the bedrooms, including the room where Cody was found, had egress from one or more windows.
 
 
 8
 App. at 9-10 (footnote and record citations omitted). In addition to these basic facts, the district court had before it expert opinions from several sources regarding the design and construction of plaintiffs' house.
 
 
 9
 Defendant offered at least three witnesses to substantiate its position that the house met all applicable building codes regarding number and placement of exits. Fire investigator Jim Pilkington stated only this bare conclusion, see App. at 87, but Danny Kent Moore, Sr. of the city engineer's office also identified the applicable building code adopted by the city and satisfied by defendant, see Supp.App. at 70, 71-72. Architect Dennis A. Linscheid went further, reviewing several pertinent building codes and specifying the particular egress requirements met in the design and construction of plaintiffs' house. See App. at 76-77.
 
 
 10
 Plaintiffs submitted the affidavit of fire investigator Dave Dallas, who stated that "[t]he number and location of exits in [plaintiffs'] house did not meet all code requirements for a single-family dwelling." Id. at 53. However, he did not even identify the code he was speaking of, as Mr. Moore at least did, much less explain the nature of the particular egress requirements informing his opinion, as Mr. Linscheid did. See id. at 52-54.
 
 
 11
 Plaintiffs emphasize that the absence of a building code violation does not necessarily preclude a finding of negligence. See Transport Indem. Co. v. Page, 406 P.2d 980, 985 (Okla.1963) ("mere compliance with statutory requirements does not relieve a party from responsibility for negligence as a matter of law"). However, the expert evidence offered on the ultimate question of negligence reflected the same contrast between substantiated opinion and bare conclusion seen in connection with the issue of defendant's compliance with code requirements. After summarizing the pertinent physical features and dimensions of the house, Mr. Linscheid expressed his favorable opinion in reference both to his already detailed views on code compliance and, more generally, to industry standards and practices drawn from years of experience as a professional and educator dealing with the interpretation of building codes and the construction of single family homes. Id. at 76-78. From Mr. Dallas, the district court was again provided only an unelaborated and unexplained recitation of his ultimate conclusion that the house was defective in design because "it did not provide adequate or properly situated exits." Id. at 52.
 
 
 12
 As the district court recognized, merely submitting an admissible affidavit will not forestall (or warrant) the entry of summary judgment when the affidavit is not " 'significantly probative.' " Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). Critically, then, in this context, "[a]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." Mid-State Fertilizer Co. v. Exchange Nat'l Bank, 877 F.2d 1333, 1339 (7th Cir.1989). There is thus a level of conclusoriness beyond which an expert's affidavit may not fall if it is to create (or foreclose) a genuine issue of fact on summary judgment. Orthopedic & Sports Injury Clinic v. Wang Lab., Inc., 922 F.2d 220, 225 (5th Cir.1991). The line between the inadequate and the effective expert affidavit falls somewhere between simply averring "it is so" and providing some fact-based, reasoned explanation for the expressed opinion. See id. at 224-25; Mid-State, 877 F.2d at 1339; cf. Black, Sivalls & Bryson, Inc. v. National Tank Co., 445 F.2d 922, 926 (10th Cir.1971) (court erred in refusing to consider expert affidavit containing explanations and reasons in support of position taken). Compare Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir.1985) (affirming summary judgment for defendant auto manufacturer despite opposing expert affidavit, because affidavit merely asserted bald opinion that lack of airbag was design defect contributing to plaintiff's injury) with Bulthuis v. Rexall Corp., 789 F.2d 1315, 1318 (9th Cir.1985) (reversing summary judgment for defendant DES manufacturer on ground that district court should have considered opposing expert affidavits regarding causal role of DES in plaintiff's cervical cancer, because opinions were factually supported by references to observed changes in vaginal tissue).
 
 
 13
 Under these principles, the district court held plaintiffs had failed to present sufficient evidence to overcome defendant's meritorious motion for summary judgment on the issue of negligence. We agree. The fact-based and relatively detailed affidavit submitted by Mr. Linscheid was sufficient to support the motion and thereby shift the burden of production to plaintiffs, while Mr. Dallas' affidavit was simply too conclusory to satisfy that burden by demonstrating a genuine issue for trial. See generally Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991) (discussing parties' relative burdens on summary judgment).
 
 
 14
 The district court also held plaintiffs' case deficient as a matter of law on the critical element of proximate cause. However, we need not reach this analytically subsequent issue in light of our affirmance of summary judgment on the basis of plaintiffs' failure to establish a triable claim of negligence.
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3