993 F.2d 1551
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Regina DICKSON, individually; Michael G. Donnelly, II, by
and through his guardian Regina Dickson,
Plaintiffs-Appellants,
v.
KERR-MCGEE REFINING CORPORATION, a Delaware corporation;
Gilbarco, Inc., a Delaware corporation; Mitchell
& Johnson Oil Company, an Oklahoma
corporation, Defendants-Appellees.
 No. 92-6306.
 United States Court of Appeals, Tenth Circuit.
 May 21, 1993.
 
 1
 ORDER AND JUDGMENT**
 
 
 2
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 
 
 3
 G. THOMAS VAN BEBBER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Michael Donnelly was seriously injured when, at the age of two and one-half years, he gained access to a locked garage, opened a can of gasoline stored there, poured it out on the lawn mower, and the pilot light to a hot water heater located in the garage ignited the gas. Plaintiffs sued various defendants connected with the hot water heater and the gasoline. The defendants who are parties to this appeal are Kerr-McGee, the manufacturer of the gasoline; Mitchell & Johnson, the distributor of the gasoline; and Gilbarco, the manufacturer of the gasoline pump that was used to pump the gas into the can from which Michael ultimately poured the gas. Plaintiffs appeal the orders of the district court entering summary judgment in favor of defendants and denying plaintiffs' post-judgment motion for reconsideration. We affirm.
 
 
 6
 We review the grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 Plaintiffs asserted claims against Kerr-McGee and Mitchell & Johnson based on manufacturer's product liability and negligence.[1] Plaintiffs contended that the gas was defective and unreasonably dangerous because it was not sold with sufficient warnings about its dangerous propensities. Plaintiffs further asserted that defendants were negligent in selling the gasoline without the proper warnings. Specifically, plaintiffs asserted these defendants failed to warn (1) that gas should be dispensed into metal, not plastic, containers; (2) that gas should be kept out of the reach of children; and (3) that gas should be stored outdoors, not indoors.
 
 
 8
 Plaintiffs asserted similar claims against Gilbarco. Plaintiffs alleged that the pump Gilbarco manufactured was defective and unreasonably dangerous because it did not have warnings attached to it that warned against (1) allowing minors to use the pump to dispense gas and (2) dispensing gas into unapproved containers. Plaintiffs also alleged that Gilbarco's failure to warn violated accepted industry practices and thus was negligent.
 
 
 9
 The undisputed evidence showed that about two weeks before the accident, Michael's fifteen-year-old brother Ian bought the gas at issue from a convenience store and pumped it into a plastic one-and-one-half-gallon gas can his father had purchased for the purpose of carrying and storing gas for the lawn mower. Ian then took the can of gas home and put it in its usual place on the garage floor next to the lawn mower. Michael's father testified that he had always stored the gas by the lawn mower in the garage and had always stored both items by the front garage door to keep it as far away from the house as possible "because the garage is the only storage area I have." Appellant's App., Dep. of Robert Donnelly, at 308-09. He further testified that to his knowledge, Ian never stored the gasoline anywhere other than next to the lawn mower. The garage was kept locked, and both Michael and his little sister were warned repeatedly against going into the garage.
 
 
 10
 Michael's parents and Ian testified that they knew gasoline was dangerous and should not be handled by the younger children. Michael's father testified that he took what he believed to be adequate steps to prevent Michael from having access to the gas, namely, he stored it in the locked garage, screwed the lid on tight, and warned Michael not to go in the garage. Until the day of the accident, no one thought Michael could unlock the garage.
 
 
 11
 This diversity action is governed by Oklahoma law. In Oklahoma, "[i]t is well established that in order to recover in a case of negligence, the plaintiff must show: (1) a duty; (2) negligence or violation of that duty; (3) proximate cause; and (4) damage or injury." Loper v. Austin, 596 P.2d 544, 546 (Okla.1979).
 
 
 12
 In addition, Oklahoma has adopted the doctrine of manufacturer's product liability set forth in the Restatement (Second) of Torts § 402A. Kirkland v. General Motors Corp., 521 P.2d 1353, 1361-62 (Okla.1974). To prevail on a manufacturer's product liability claim, a plaintiff must prove (1) that the product was the cause of the injury; (2) that the defect existed in the product at the time it left the hands of the particular defendant; and (3) that the defect in the product made the product unreasonably dangerous to the plaintiff or the plaintiff's property. Id. at 1363.
 
 
 13
 The district court entered summary judgment against plaintiffs and in favor of defendants Kerr-McGee and Mitchell & Johnson on all claims after concluding the gasoline was not unreasonably dangerous, these defendants had no duty to warn the convenience store or the ultimate consumer of the dangerous propensities of gas, and the failure to warn was not the proximate cause of Michael's injuries. We agree that plaintiffs failed to establish the requisite causation between Michael's injuries and the acts or omissions of Kerr-McGee and Mitchell & Johnson under either a negligence or a manufacturer's liability theory. Therefore, we need not address the other grounds on which the district court entered summary judgment in favor of these defendants.
 
 
 14
 Plaintiffs concede that defendants' failure to warn Ian or his father to dispense gasoline into only a metal, and not a plastic, container did not cause Michael's injuries. Plaintiffs argue, however, that the plastic nature of the gas can enhanced Michael's injuries. They base their argument on an affidavit of an expert fire investigator, who opined that had the container been metal, the fire from the spilled gas would not have been as great because the container would not have melted and exposed the rest of the gasoline to the fire.
 
 
 15
 While plastic containers may have the propensity to melt and expose their contents to the fire, there is no evidence in the record to suggest this is what happened here. Michael may have poured all the gasoline out of the container from the outset, leaving no remaining gasoline to be exposed to the flame once the container melted. An affidavit of an expert witness that is not supported by specific facts cannot be used to create a genuine issue of material fact and defeat summary judgment. See Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir.1985); Rohrbough ex rel. Rohrbough v. Wyeth Labs., Inc., 719 F.Supp. 470, 474 (N.D.W.Va.1989), aff'd, 916 F.2d 970 (4th Cir.1990).
 
 
 16
 Defendants' failure to warn Ian or his father to keep gasoline out of the reach of children was not a cause of Michael's injuries, either. Both Ian and his father testified that they knew gasoline was dangerous and should be kept away from Michael and that they took precautions to keep Michael away from the gasoline. An additional warning from defendants to keep the gasoline away from children would not have prevented the accident and Michael's ensuing injuries.
 
 
 17
 Finally, defendants' failure to warn Ian or his father to store the gasoline outdoors was not a cause of Michael's injuries. Michael's injuries arose from his pouring the gasoline out in the garage, not from the gasoline having been stored in the garage. As the district court noted, regardless of whether the gasoline were stored indoors or out, Michael still could have taken it into the garage and poured it out on the lawn mower.
 
 
 18
 In sum, even if defendants breached a duty to warn Ian or his father of the precautions discussed above or if the gas were defective because it was sold without these warnings, the lack of warnings did not cause Michael's injuries. "[M]anufacturers and suppliers of defective products [are not] absolute insurers of all users and consumers whom they serve.... [C]ausation of the injury by the defective product beyond a mere possibility must be shown." Kirkland, 521 P.2d at 1366. The district court properly entered summary judgment in favor of Kerr-McGee and Mitchell & Johnson on plaintiff's claims for negligence and manufacturer's product liability.
 
 
 19
 The district court entered summary judgment in favor of Gilbarco on plaintiffs' manufacturer's product liability claim after concluding that Gilbarco had no duty to warn against permitting minors to dispense gasoline or permitting gasoline to be dispensed into unapproved containers, because neither the gasoline nor the container was Gilbarco's product. The court entered summary judgment in favor of Gilbarco on plaintiffs' negligence claim after concluding that even if Gilbarco had a duty to provide the warnings, its failure to do so was not a proximate cause of Michael's injuries.
 
 
 20
 An essential element of any manufacturer's product liability claim is that the plaintiff was injured by a defect in the manufacturer's product. See Kirkland, 521 P.2d at 1363. Gilbarco's product--the pump--was not responsible for Michael's injuries. Michael was not injured while he or someone else was pumping gasoline, and plaintiffs point to no evidence to suggest that how the gasoline was pumped into the can affected subsequent events in any manner. Plaintiffs' negligence claim against Gilbarco suffers from the same defect as their negligence claims against Kerr-McGee and Mitchell & Johnson: the failure to warn Ian or his father about the dangerous propensities of gasoline was not the cause of Michael's injuries.
 
 
 21
 Because plaintiffs failed to establish a material issue of fact as to causation, we conclude the district court properly entered summary judgment in favor of Kerr-McGee, Mitchell & Johnson, and Gilbarco on plaintiffs' claims for manufacturer's product liability and negligence.
 
 
 22
 Following the entry of summary judgment, plaintiffs filed a "Motion for New Trial; Motion for Rehearing and Reconsideration; and Motion to Vacate Prior Order and Set Aside Judgment." We review the district court's denial of this motion under an abuse of discretion standard. See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1519 (10th Cir.1990). Based upon our review of the record, the briefs, and the pertinent law, as well as our earlier conclusion that the district court properly entered summary judgment against plaintiffs because they failed to present a material issue of fact on causation, we conclude the district court did not abuse its discretion in denying plaintiffs' post-judgment motion.
 
 
 23
 Plaintiffs' motion to file a brief in reply to the answer brief of Gilbarco is GRANTED, and the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs also asserted claims against these defendants based on breach of implied warranty of fitness and merchantability. Although the district court entered summary judgment in favor of Kerr-McGee and Mitchell & Johnson on all plaintiffs' claims, plaintiffs do not challenge the court's ruling on the breach of warranty claims