### SCOTT–KINNEAR, INC., a Delaware corporation, Appellant,

v.

### EBERLY & MEADE, INC., an Oklahoma corporation; James C. Meade, Jr., an Oklahoma resident; John R. Dean, an Oklahoma resident; the Brooklyn Company, an Oklahoma corporation; Ted B. Wolfe, an Oklahoma resident; Patricia H. Miller, an Oklahoma resident; and KTM Partnership, an Oklahoma partnership, Appellees.

### No. 81630.

Court of Appeals of Oklahoma, Division No. 3.

June 14, 1994.

Robert F. Bourk, Ben F. Meek, III, Oklahoma City, for appellant.

Randall J. Wood, Robert N. Barnes, Oklahoma City, for appellees.

### OPINION

HUNTER, Presiding Judge:

Appellant appeals the trial court's order granting Appellees' motion to dismiss for failure to state a claim for which relief can be granted. The trial court errs in granting such a motion "*unless* the allegations indicate *beyond any doubt* that the litigant can prove *no* set of facts which would entitle him to relief." (emphases in original). *Frazier v. Bryan Memorial Hosp. Authority*, 775 P.2d 281, 287 (Okl.1989). On review, the appellate court presumes all allegations of the petition are true. If the assumed facts establish a prima facie case, "the order dismissing the suit will be reversed." *Bettis v. Brown*, 819 P.2d 1381, 1382 (Okl.App.1991).

The parties, co-tenants in oil and gas leases, were involved in a different lawsuit (the *Apache*) where Appellees were the Plaintiffs and Appellant was Defendant. Related to that lawsuit, Appellees filed and published a Notice of Pending Litigation (lis pendens). Appellant then filed the lawsuit from which this appeal stems, alleging Appellees slandered its title by publication of the Notice. In its petition, Appellant alleged that its production proceeds were suspended as of the filing of the *Apache* lawsuit on October 24, 1988. It then alleged that subsequent to Appellees' filing of the lis pendens on February 8, 1989, Appellees contacted the first purchasers and informed them that Appellees claimed all or part of the revenue proceeds being distributed to Appellant from the Irene–Burgess No. 1–20 well.

The trial court granted Appellees' motion to dismiss finding that the Notice of Pending Litigation was not false. The Notice stated that the lawsuit raised "various issues" affecting title to the interests of Appellant in the Irene Burgess No. 1–20 Well. The court

further found that the statements published, the Notice of Pending Litigation and Appellees contact with first purchasers, were absolutely privileged. Finally, the trial court found that the petition did not provide any basis for a determination of "malice." We agree and affirm the order.

■■■ The elements of slander of title are: (1) a publication; (2) a false statement in the publication; (3) malice in the publication; (4) special damage by reason of the publication and (5) ownership or possession of the property that is the object of the publication. *Zehner v. Post Oak Oil Co.*, 640 P.2d 991, 994 (Okl.App.1982). We find that Appellant could present no set of facts which would enable him to make of prima facie case. The record does not contain copies of the other lawsuit, but the trial court's order shows the court did have the opportunity to review that lawsuit. The court's finding that the Notice fairly stated the issues of the lawsuit to which it related will not be disturbed on review. *Hamid v. Sew Original*, 645 P.2d 496, 497 (Okl.1982). Certainly, the Petition's admission that the first purchasers suspended production proceeds before the published statement is a factual defeat for the slander of title theory.

■■■ We also agree with the court's reasoning that the statements were absolutely privileged. Appellant's petition in the instant case alleges that Appellees published the Notice of Lis Pendens relating to the other case, and informed the first purchasers that Appellees claimed all or part of the revenue proceeds. Lis pendens is a "device by which the courts acquire the power or control over property involved in a suit for the period during which the action remains pending and before final judgment is rendered." *FDIC v. Sumner*, 820 P.2d 1357, 1359 (Okl.App.1991) (cert. den.), citing *White v. Wensauer*, 702 P.2d 15, 18 (Okl.1985). The lis pendens continues through the time in which an action for review may be taken. *Hart v. Pharoah*, 359 P.2d 1074, 1079 (Okl. 1961). Adopting the reasoning set forth in *Albertson v. Raboff*, 46 Cal.2d 375, 295 P.2d 405 (1956), we hold that the Notice of Pending Litigation is cloaked with the same privi-

lege attaching to the issues in litigation. The *Albertson* court stated, 295 P.2d at 408:

> Since "effect of a *lis pendens* is to give constructive notice of all the facts apparent upon the face of the pleading, and of those other facts of which the facts so stated necessarily put a purchaser on inquiry * * *." (citations omitted), the recordation of a notice of *lis pendens* is in effect a republication of the pleadings. The disparagement of title arises, therefore, from the recordation of the notice of from the recordation of the notice of *lis pendens* as well as from the pleadings. The publication of the pleadings is unquestionably clothed with absolute privilege, and we have concluded that the republication thereof by recording a notice of *lis pendens* is similarly privileged.

Furthermore, Oklahoma law requires the signatory of pleadings to certify:

> ... that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. 12 O.S. 1991 § 2011.

A party dissatisfied with the notice of lis pendens may ask the equity court for a discharge or release of the notice which may be granted after a hearing. *White v. Wensauer*, 702 P.2d 15, 18 (Okl.1985). If the notice is not a fair reflection of the litigation, a party may ask for sanctions. 12 O.S.1991 § 2011. A notice of pending litigation, however, serves to protect potential buyers of the property which is the subject of the unfinished litigation.

■■ The element of malice in a slander of title cause of action requires "a showing of lack of good faith and absence of probable cause." *Hamilton v. Amwar Petroleum Co., Inc.*, 769 P.2d 146, 149 (Okl.1989). The trial court was in the position to make a determination on this element because it had looked at the other litigation between the parties.

Having found the lis pendens publication a fair statement of the issues in the *Apache* litigation, and because the speaking of the contents of that lawsuit did not slander the title, then we must necessarily agree with the trial court's determination that there was no malice in the publication.

We find the trial court properly granted Appellees' motion to dismiss for failure to state a claim upon which relief could be granted and therefore, we affirm the order dismissing the slander of title lawsuit.

AFFIRMED.

GARRETT, V.C.J., and BAILEY, J., concur.