Marion Z. THOMPSON and Pamela
D. Thompson, Plaintiffs,

v.

I.R. BOX, Appellant,

v.

Fred C. CORNISH and Cornish
& Viles, Inc., Appellees.

No. 84315.

Court of Appeals of Oklahoma,
Division No. 2.

Dec. 27, 1994.

Redmond P. Kemether, Redmond P. Kemether, P.C., Oklahoma City, for appellant.

George S. Corbyn, Jr., Corbyn & Hampton, Oklahoma City, for appellees.

## SUMMARY OPINION

RAPP, Judge.

Trial court defendant and third party plaintiff, I.R. Box, appeals trial court's grant of summary judgment in favor of third party defendants, Fred C. Cornish and Cornish & Viles, Inc., in this action for tortious interference with a contractual relationship.

Both parties here on appeal are attorneys. Trial court plaintiffs, Marion Z. and Pamela D. Thompson, who are not parties to this appeal, paid Box $15,000 to represent them in one of the criminal proceedings following Marion Thompson's arrest on oil theft-related charges. The Thompsons later hired Cornish to represent them in a related civil suit.

Thereafter, they learned they were being investigated by a federal grand jury in Tulsa. Cornish confirmed the grand jury investigation, and the record shows correspondence indicating he then attempted to coordinate these matters with Box. The Thompsons terminated Box's services, hired additional counsel in Tulsa, and requested Box return the unused portion of the $15,000 attorney fee.

The Thompsons then sued Box for conversion and breach of fiduciary duty, demanding the return of the unused portion of the attorney fee. Box filed a third party petition against Cornish, claiming Cornish tortiously interfered with his contractual relationship with the Thompsons.[1]

During discovery, Box made numerous requests for admissions concerning the Thompsons' conversations with Cornish. The Thompsons refused to answer, claiming their responses were protected by the attorney-client privilege found in 12 O.S.1991 § 2502.[2] Cornish moved for summary judgment.

Box did not attempt to apply any of section 2502's exceptions to the privilege. Instead, he submitted an affidavit stating the Thompsons told him they were being pressured by Cornish to fire him. The Thompsons filed a motion to strike Box's affidavit, again relying on the attorney-client privilege, this time concerning their conversations with Box. The Thompsons affirmed they were not waiving their attorney-client privilege with Box, in part due to an ongoing RICO investigation.

The trial court granted Cornish's motion for summary judgment, stating "the Court finds that there is no admissible evidence available to Irven R. Box sufficient to support his claim of tortious interference with a contract, given the Thompsons' intention to

---

1. However, Box admitted in his answers to interrogatories propounded by the Thompsons that he "fulfilled my agreement to represent both clients."

2. The applicable portion of 12 O.S.1991 § 2502 states:

B. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:
1. Between himself or his representative and his attorney or his attorney's representative....

waive neither the attorney-client privilege they have with Fred C. Cornish nor their privilege as to their communications with Box, who was formerly their attorney." Box appeals.[3]

■ Summary judgment should be granted where there is no substantial controversy as to any material fact. In opposing a motion for summary judgment, a party cannot rely on pleadings alone, but shall submit affidavits and other materials containing facts that would be admissible in evidence as to which he contends a genuine issue exists. *Weeks v. Wedgewood Village, Inc.*, 554 P.2d 780 (Okla.1976); 12 O.S.Supp.1993, ch. 2, app., Rule 13. A motion for summary judgment should be denied if the facts concerning any issue conflict or if reasonable men, in the exercise of fair and impartial judgment, might reach different conclusions from the undisputed facts. *Weaver v. Pryor Jeffersonian*, 569 P.2d 967 (Okla.1977).

Oklahoma has long recognized the action of interference with a contract, *Schonwald v. Ragains*, 32 Okla. 223, 122 P. 203 (1912), while Prosser in his work, *Handbook of the Law of Torts* § 129 (4th ed. 1971), recognizes that virtually any type contract is sufficient as a foundation for the action. Thus, it can here be said that the oral contract of representation on a criminal matter between Box and the Thompsons established the contract.

■ The question is: Can Box meet the elements to establish a well-pled cause of action? To establish tortious interference with a contractual relationship, Box must show: (1) he had a business or contractual right that was interfered with by Cornish;

(2) such interference was malicious and wrongful, and neither justified, privileged, nor excusable; and (3) damages were proximately caused by such interference. *Mac Adjustment, Inc. v. Property Loss Research Bureau*, 595 P.2d 427 (Okla.1979).

■ The record reveals Box has failed to show a genuine issue of fact exists concerning the elements of interference and damages. Box asserts interference in his contract with the Thompsons, yet he states he fulfilled his original agreement to represent them in the criminal action and was paid accordingly. Thus, there was no interference with the existing contract, and Box claims no loss associated with this representation.

■ Box also asserts Cornish interfered with future representational contracts with the Thompsons. They deny this and invoke the attorney-client privilege. Box does not dispute that the Thompsons' refusal to answer his requests for admission is covered by the attorney-client privilege. This privilege belongs to the client and not to the lawyer. It may be waived only by the client. "When communications are made during the existence of an attorney-and-client relationship the privilege continues to protect them from disclosure even after that relationship has been terminated." *Chandler v. Denton*, 741 P.2d 855, 865 (Okla.1987).

■ The privilege also covers communications Box attempts to disclose in his affidavit. Additionally, such communications are protected by Rule 1.6 of the Rules of Professional Conduct.[4] The reason for this privilege is expressed in the Comment to the Rule: "A

---

3. The Thompsons' lawsuit against Box was pending when this appeal was taken. The trial court, on Box's application for order nunc pro tunc, found no reason for just delay and directed the filing of a final judgment disposing of Box's claim against Cornish, in accordance with 12 O.S.Supp.1993 § 994(A). The supreme court ordered this appeal to go forward on October 28, 1994.

4. 5 O.S.Supp.1993, ch. 1, app. 3–A, Rule 1.6 states, in part:

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

It is noted paragraph (b) allows a lawyer to reveal information to the extent the lawyer reasonably believes necessary "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client...." However, the dispute here is not between attorney and client, but between attorneys.

fundamental principle in the client-lawyer relationship is that the lawyer maintain confidentiality of information relating to the representation. The client is thereby encouraged to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter."

Because any evidence concerning the Thompsons' communications is inadmissible, Box has wholly failed to meet his "burden of showing that evidence is available which would justify trial of the issue." *Weeks v. Wedgewood Village,* 554 P.2d at 785. "The mere denial in a pleading, repeated in an affidavit unsupported by any proof is not sufficient to require the credibility of the opposing party to be determined on trial." *Weeks,* 554 P.2d at 784.

■ Finally, Box did not assert these future representations would be criminal in nature. He cannot object to representation by others in civil matters, as he was at no time hired in this capacity, while Cornish was so hired. Thus, lacking evidence of interference or ability to present it, Box has failed to meet even the first element of this tort.

Accordingly, as Box has failed to demonstrate the existence of evidence sufficient to establish tortious interference, the trial court's grant of summary judgment must be AFFIRMED.

BOUDREAU, P.J., and REIF, C.J., concur.