1997 OK CIV APP 74

**Jack I. PRYOR, Plaintiff/Appellant,**

v.

**Larry Gene FINDLEY, Anna L. Nickels, Douglas J. Smith, attorney, Terry L. Pierce, attorney, Defendants/Appellees.**

**No. 89633.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 9, 1997.

Rehearing Denied Oct. 21, 1997.

Jack I. Pryor, Pro Se.

Barry K. Roberts, Norman, for Defendants/Appellees.

## OPINION

HANSEN, Presiding Judge:

¶1 Plaintiff/Appellant, Jack I. Pryor, seeks review of the trial court's order dismissing his petition for failure to state a claim upon which relief may be granted. The following summarizes the allegations in the petition. Pryor was married to Dorothy Ann Cobb from August 30, 1973 to August 21, 1995. In 1984, Cobb participated in a marriage ceremony with Defendant/Appellee, Larry Gene Findley. In 1994, Defendant/Appellee, Anna L. Nickels, encouraged and assisted Findley in hiring Defendant/Appellee, Douglas J. Smith, to file an action for divorce against Cobb for the purpose of obtaining a vested interest in Cobb's Social Security benefits. Before the action was filed, Cobb told Smith "she had been legally married to [Pryor] at the time of her bigamist marriage to Findley." Findley's action for divorce was filed April 19, 1995. The petition falsely asserted Findley's marriage to Cobb was legal. Cobb filed an answer and counterclaim on May 25, 1995. On June 29, 1995, Pryor and Cobb contracted to sell a parcel of real property, with the closing date set for July 31, 1995. Pryor notified Smith on July 26, 1995 that the divorce action created a cloud on the title to the property, Findley had no legal interest in the property, and Pryor would suffer injury if the cloud was not removed by the closing date of July 31, 1995. The defendants refused to remove the cloud unless Cobb and Pryor paid them $600.00 and Pryor agreed not to sue them. "[T]he defendants maliciously refused to withdraw the cloud until August 7, 1995." Defendants intentionally caused Pryor great emotional distress and mental suffering. Defendant/Appellee, Terry L. Pierce, was Smith's law partner and Smith's actions were within the scope of the partnership.

¶2 In *Indiana Nat. Bank v. State Dept. of Human Services*, 1994 OK 98, 880 P.2d 371, 375–376 (citations omitted), the Oklahoma Supreme Court set forth the standard of review for a motion to dismiss for failure to state a claim:

Our review of a trial court's dismissal for failure to state a claim upon which relief can be granted involves a de novo consideration on our part as to whether the petition is legally sufficient. . . .

When reviewing a motion to dismiss, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them. "A pleading *must not* be dismissed for failure to state a legally cognizable claim *unless* the allegations indicate *beyond any doubt* that the litigant can prove *no* set of facts which would entitle him to relief." . . .

Motions to dismiss are generally viewed with disfavor under this liberal standard and to withstand a motion to dismiss it is not necessary for a plaintiff to either identify a specific theory of recovery or set out the correct remedy or relief to which he/she may be entitled. Generally, a petition may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.

¶3 Pryor's petition contains only two cognizable legal theories: 1) slander of title, and 2) intentional infliction of emotional distress. Although the petition does not identify slander of title as a theory of recovery, it properly alleges all of the requisite elements: "1) a publication, 2) a false statement in the publication, 3) malice in the publication, 4) special damage by reason of the publication, and 5) ownership or possession of the property that is the object of the publication." *Bennett v. McKibben*, 1996 OK CIV APP 22, 915 P.2d 400, 403. The publication of the alleged defamatory matter in this case was the filing of Findley's divorce petition against Cobb. Statements made in judicial pleadings are absolutely privileged. 12 O.S.1991 § 1443.1. This absolute privilege applies to slander of title actions. *Bennett v. McKibben*, 915 P.2d at 404. Therefore, we hold the petition alleges insufficient facts to entitle Pryor to relief for slander of title.

¶4 The "outrageous and shocking behavior" which Pryor alleges caused him emotional distress was the defendants' "re-

fusal to remove the wrongful cloud" for the "purpose of forcing [Pryor] to give them money that they were not entitled to." Because Pryor's claim for emotional distress is based on the same factual underpinnings as his slander of title claim, the absolute privilege bars that claim as well. *Bennett v. McKibben,* 915 P.2d at 405. See also *Kirschstein v. Haynes,* 1990 OK 8, 788 P.2d 941, 954. We hold the petition alleges insufficient facts to entitle Pryor to relief for intentional infliction of emotional distress.

¶5 The trial court's order dismissing the petition for failure to state a claim upon which relief may be granted is AFFIRMED. Appellees' request for appeal related attorney fees is DENIED.

JOPLIN and BUETTNER, JJ., concur.