1998 OK CIV APP 196

Mark BORISON, Plaintiff/Appellant,

v.

BANK LEUMI TRUST COMPANY OF NEW YORK, Defendant/Appellee.

No. 91498.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 8, 1998.

Lisa I. Fair, Law Offices of Michael J. Rovell, Chicago, Illinois, For Plaintiff/Appellant.

David N. Livingston, Oklahoma City, Oklahoma, For Defendant/Appellee.

BUETTNER, J.

¶ 1 Plaintiff/Appellant Mark Borison (Borison) appeals from summary judgment granted to Defendant/Appellee Bank Leumi Trust Company of New York (Bank). Borison filed suit against Bank seeking damages for slander of title and requesting that the court quiet title to real property held by Borison. After the trial court granted summary judgment to Bank on the slander of title cause of action, Borison dismissed his quiet title action. Because we find no material questions of fact and that Bank is entitled to judgment as a matter of law, we affirm.[1]

¶ 2 Summary judgment is proper where there is no substantial controversy of material fact and one party is entitled to judgment as a matter of law. *Seitsinger v. Dockum Pontiac, Inc.*, 1995 OK 29, 894 P.2d 1077; 12 O.S.1991 Ch. 2, App., Rule 13. The facts of the instant case are not in dispute. Joan and Edwin Borison (Borison's parents) purchased the property at issue (Lots Three and Four, Block One, Val Verde West Addition to Oklahoma City) in 1984. In 1986, Edwin Borison conveyed his interest to Joan Borison. In 1993, Bank Leumi obtained a judgment against Joan and Edwin Borison for $204,916.39. This judgment was filed with the Oklahoma County Clerk November 19, 1993.

¶ 3 Joan Borison (Predecessor) purported to convey the subject property to Borison by warranty deed March 30, 1994. Joan and Edwin Borison signed a correction deed conveying the subject property to Borison July 7, 1995.[2] Borison later sought to mortgage the subject property but was unable to obtain mortgage insurance because of the filed judgment, as well as other judgments filed against Predecessor. Borison first filed a petition seeking a court order that Bank must release its judgment. Borison alleged that because the subject property was Predecessor's homestead when the judgment was filed, that the lien could not be enforced and was therefore an invalid cloud on Borison's title. That petition was denied. Borison then filed his petition seeking damages for slander of title and seeking to quiet title to the property. It is from the summary judgment granted to Bank on the slander of title issue that Borison appeals.

¶ 4 In its motion for summary judgment, Bank argued that its publication, the filing of a judgment against Predecessor, was privileged, true and without malice. Bank also argued that it did not place a lien on any homestead property. Rather, Bank filed its judgment which created a lien which attached to the debtor's (Predecessor's) property, including the homestead, pursuant to 12 O.S.1991 § 706(B).[3] Bank also argued that the value of the subject property exceeded the homestead exemption amounts.[4]

¶ 5 The elements of slander of title include 1) publication; 2) a false statement in the publication; 3) malice in the

---

1. Borison's motion for briefing and oral argument is denied.

2. The record indicates that two deeds conveying the same property were made because Joan Borison had been informed that she could not successfully convey homestead property without her husband's signature on the deed. See 16 O.S.1991 § 4(A) (no deed affecting the homestead shall be valid unless signed by both husband and wife).

3. 12 O.S.1991 § 706(B) provides: "Creation of Lien. A judgment to which this section applies (all judgments of courts of record of this state) shall be a lien on the real estate of the judgment debtor within a county only from and after a Statement of Judgment made by the judgment

creditor ... has been filed in the office of the county clerk. . . .

* * *

2. A lien created pursuant to this section shall affect and attach to all real property, including the homestead, of judgment debtors whose names appear in the Statement of Judgment; however, judgment liens on a homestead are exempt from forced sale pursuant to Section 1 of Title 31 of the Oklahoma Statutes and Section 2 of Article XII of the Oklahoma Constitution."

4. See 31 O.S.1991 §§ 1, 2. Because we find that summary judgment was proper because the undisputed facts do not support a cause of action for slander of title, we do not decide whether the value or size of the subject property exceeded the homestead exemption amounts.

**1190**

publication; 4) special damage resulting from the publication; and 5) ownership or possession of the property that is the subject of the publication. *Morford v. Eberly & Meade, Inc.,* 1994 OK CIV APP 92, 879 P.2d 841, 842. An assertion that the publication was privileged is a defense to a charge of slander of title. 12 O.S.1991 §§ 1443.1(B); 1444.1; *Bennett v. McKibben,* 1996 OK CIV APP 22, 915 P.2d 400, 404. A fair and true report of any judicial proceeding is a privileged publication. 12 O.S.1991 § 1443.1(A); Bennett, supra. Accordingly, Bank's filing of its judgment against Predecessor is a privileged publication and cannot form the basis of a slander of title action. *Pryor v. Findley,* 1997 OK CIV APP 74, 949 P.2d 1218.

¶ 6 Borison argued that a judgment cannot be a lien on homestead property. Borison therefore argued that the failure of Bank to release its judgment constituted a false "statement" that the title was encumbered when in fact, the judgment is unenforceable against homestead property. Borison also argued that Bank's failure to release an allegedly unenforceable judgment constituted malice.

¶ 7 Borison relies primarily on *Tarrant Bank v. Miller,* 833 S.W.2d 666 (Tex.App. 1992). In *Tarrant Bank,* the defendant was a successor in interest to a judgment against plaintiffs for a delinquent car loan. The judgment was filed in the county in which the plaintiffs held homestead property. When plaintiffs attempted to sell their home, they were unable to obtain title insurance because the judgment was a cloud on their title. The defendant refused to release the judgment and the sale of the property fell through. Plaintiffs sued for a declaratory judgment that the defendant's lien was unenforceable against the homestead and sought damages for slander of title. The trial court awarded damages to plaintiffs.

¶ 8 The defendant bank appealed, asserting that, because the lien was unenforceable, it could not cast a cloud on the plaintiffs' title and, accordingly there was no justiciable controversy between the parties. The Texas Court of Appeals held that the unreleased judgment, though unenforceable, still cast a cloud on plaintiffs' title. Because the defendant bank failed to respond to discovery requests, all requests for admissions were deemed admitted. The trial court therefore entered a default judgment against the bank on all issues except damages. The issue of slander of title was not addressed by the appeals court.

¶ 9 We note an Oklahoma case which also would support a finding that the unreleased judgment constitutes a cloud on Borison's title. See *Dreyfus v. Dickason,* 176 Okla. 477, 56 P.2d 881 (1936) (*Held:* a party conveys homestead property free and clear of all debts and liabilities of the grantor except debts enforceable against the homestead prior to its conveyance. A judgment against the owner of a homestead is not a lien which must be satisfied before unencumbered title can be conveyed.)

¶ 10 Whether Bank's judgment is enforceable or constitutes a cloud on Borison's title is not relevant to a slander of title claim however. The elements of a slander of title cause of action have been outlined above. The publication in this case is privileged and that is a defense to slander of title, even when the result is a clouded title. *Pryor,* 949 P.2d at 1219. Oklahoma law authorizes the filing of judgments which attach to the debtor's real property—even homestead property. 12 O.S.1991 § 706. See *Blair v. State ex rel. Oklahoma Tax Com'n,* 1997 OK CIV APP 10, 935 P.2d 1197, 1200 ("There is nothing in the homestead law which would suggest that the state may not 'attach' a [tax] lien on the homestead as a 'provisional remedy' subject to the future sale of the property which would have no immediate impact on the family living within.") We find no Oklahoma authority that failure to release an authorized judgment, which has not been satisfied, constitutes slander of title.

¶ 11 Because the undisputed facts show that Bank is entitled to judgment as a matter of law on Borison's slander of title claim, we affirm the grant of summary judgment to Bank.

AFFIRMED.

ADAMS, J., and GARRETT, J., concur.