2013 OK CIV APP 113

**Tracy GRASZ, Plaintiff/Appellant,**

v.

**DISCOVER BANK (Discover Card), by SA DISCOVER FINANCIAL SERVICES, INC., Defendant/Appellee.**

**No. 111477.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 6, 2013.

Certiorari Denied Dec. 2, 2013.

---

Jack Tracy, Purcell, Oklahoma, for Plaintiff/Appellant.

Stephen L. Bruce, Richard S. Winblad, Brandi L. Ladd, Everette C. Altdoerffer, April D. Kelso, Edmond, Oklahoma, for Defendant/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiff/Appellant Tracy Grasz appeals from the trial court's order granting Defendant/Appellee Discover Bank (Discover Card), by SA Discover Financial Services, Inc.'s motion to dismiss this quiet title and slander of title action. After *de novo* review, we reverse and remand to the district court with instructions to enter judgment quieting title in favor of Grasz and for further proceedings on the slander of title claim.

¶ 2 Lyle and Leslie Hague transferred the subject real property to Union Bank & Trust Company, as custodian for Tracy Grasz IRA, June 24, 1997. The property was described as:

The North Half (N/2) of the Southwest Quarter (SW/4) of Section Ten (10), Township Six (6) North, Range One (1) West of the Indian Meridian, Cleveland County, Oklahoma.

Discover obtained a judgment against Grasz in the amount of $11,416.28 and filed a Statement of Judgment May 30, 2003 pursuant to 12 O.S. § 706. Filing the Statement of Judgment created a lien that attached to Grasz's real property located in Cleveland County. *See* 12 O.S.2001 § 706(B)(2). Grasz filed for bankruptcy December 30, 2003. Grasz listed Discover's judgment in his bankruptcy petition. The IRA was listed as exempt property. *See* 31 O.S.Supp.2003 § 1(A)(20). Discover did not object to the bankruptcy or appear at any of the bankruptcy proceedings. The trustee agreed the IRA was exempt property. The United States Bankruptcy Court for the Western District of Oklahoma issued a Discharge of Debtor April 13, 2004. Union Bank transferred the subject property from the IRA to Grasz by quitclaim deed December 28, 2005.

¶ 3 In 2007, Grasz applied for a loan and planned to use the subject property as collateral. The title examination revealed Discover's judgment lien and two other judgment liens against the property. Grasz contacted all three judgment creditors and requested that the liens be released. The two other

judgment creditors released their liens, but Discover refused to release its lien unless the judgment was paid in full. On July 27, 2007, Grasz filed a Motion for Order to Release Judgment Lien in Cleveland County District Court pursuant to 12 O.S. § 706(E)(2). The district court determined it did not have authority to order Discover to release the judgment lien. The district court suggested Grasz return to bankruptcy court in order for the bankruptcy court to determine the effect of the discharge on the judgment lien. Grasz appealed the order of the district court. The Court of Civil Appeals affirmed February 25, 2010. Grasz reopened his case in bankruptcy court July 19, 2010.

¶ 4 While the Motion for Order to Release Judgment Lien was pending, Grasz filed a Petition in district court February 11, 2008. Grasz sought to quiet title to the subject property and alleged slander of title against Discover. Discover filed a Motion to Dismiss March 10, 2008. Grasz responded, and the district court stayed the action pending the outcome of the related Motion for Order Releasing Judgment Lien. After the Court of Civil Appeals affirmed the district court's refusal to order the release of the judgment lien, Discover filed an Amended Motion to Dismiss July 14, 2010. Discover argued that even if the court accepted the facts pleaded in Grasz's petition as true, Grasz failed to state a cognizable legal theory. Discover asserted that because Grasz acknowledged in his petition that the Statement of Judgment was filed after Discover obtained a judgment against him, the Statement of Judgment was a privileged publication and could not be the basis of a slander of title action. Discover also argued that Grasz, as the beneficiary of the IRA, held title to the real property in the IRA, the lien attached to the real property in the IRA prior to bankruptcy, and no action was taken during bankruptcy to avoid the lien. Therefore, the lien survived and was enforceable *in rem.*

¶ 5 Grasz responded and argued that there was no real property to which the judgment lien could attach at the time he filed for bankruptcy. Grasz claimed he could not file a motion to avoid a lien in bankruptcy court, because he did not own any real property.

Grasz asserted that the subject real property was acquired in 2008 after bankruptcy discharge, and a judgment lien cannot attach to after-acquired property. Grasz argued Discover was attempting to enforce a lien it never had. Grasz did not address Discover's arguments regarding the slander of title claim in his response. On September 13, 2010, the district court took the motion under advisement and held the matter in abeyance pending a decision from the bankruptcy court.

¶ 6 On May 9, 2011, the bankruptcy court issued its decision, which provided, in pertinent part:

It is well established that a bankruptcy discharge extinguishes the personal liability of a debtor, but the discharge does not affect any pre-existing lien. 11 U.S.C. § 524(a); *Johnson v. Home State Bank,* 501 U.S. 78, 83 [111 S.Ct. 2150, 115 L.Ed.2d 66] (1991); *Bank of Oklahoma v. Ashley,* 212 P.3d 507, 509–511 (Okla.Civ. App.2009). Thus, [Grasz] has no further liability on the judgment debt owed to [Discover] after the granting of the discharge. However, if there was an existing lien on the real property, such lien survived the discharge and could be enforced despite the discharge.

Unfortunately, the determinative issue that was not addressed in state court was whether there was indeed a judgment lien on the subject real property in the first instance. If [Discover's] purported lien on the subject property was in existence when [Grasz] filed bankruptcy, the lien was unaffected by discharge and remains valid. But where real property is not acquired until after discharge-as was the case here-no lien can attach to the property because the judgment debt has been extinguished by the discharge.

. . .

Having found that [Grasz] acquired the subject real property after having received his discharge, this court concludes that the judgment in favor of [Discover] never attached as a lien to the subject real property.

. . .

For the reasons stated, the court rules in favor of [Grasz], holding that [Discover] does not have a lien on the subject real property of [Grasz] arising from [Discover's] pre-petition money judgment against [Grasz].

The bankruptcy court recommended that Grasz file a quiet title action in state court.[1]

¶ 7 Based on the order of the bankruptcy court, Grasz filed a Motion for Partial Summary Judgment For Quiet Title and Slander of Title October 3, 2012. Discover responded October 16, 2012. The court heard both Discover's Amended Motion to Dismiss and Grasz's Motion for Partial Summary Judgment October 29, 2012. The trial court denied Grasz's motion for partial summary judgment and granted Discover's motion to dismiss. Grasz appeals.

■ ¶ 8 When evidentiary materials outside the pleadings are presented to and considered by the trial court, a motion to dismiss shall be treated as a motion for summary judgment. *See* 12 O.S. § 2012(B). We review the trial court's grant of summary judgment *de novo. Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. We, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Id.* Summary judgment proceedings are governed by Rule 13, Rules for District Courts, 12 O.S.2011, Ch. 2, App. Summary judgment is appropriate where the record establishes no substantial controversy of material fact and the prevailing party is entitled to judgment as a matter of law. *Brown v. Alliance Real Estate Group*, 1999 OK 7, ¶ 7, 976 P.2d 1043, 1045. Summary judgment is not proper where reasonable minds could draw different inferences or conclusions from the undisputed facts. *Id.* Further, we must review the evidence in the light most favorable to the party opposing summary judgment. *Vance v. Fed. Nat'l Mortgage Ass'n*, 1999 OK 73, ¶ 6, 988 P.2d 1275, 1278.

■ ¶ 9 In his Motion for Partial Summary Judgment For Quiet Title and Slander of Title, Grasz asserted that according to the order of the bankruptcy court, he was entitled to judgment as a matter or law and requested that the trial court quiet title to the subject property in his favor and remove the cloud created by the Statement of Judgment. Discover responded and admitted the bankruptcy court ruled the judgment was valid, but that it did not attach to the subject real property acquired after the bankruptcy discharge. The material facts are not in dispute. Discover does not have a lien on the subject real property. We reverse judgment for Discover and remand to the district court with instructions to enter judgment quieting title in favor of Grasz.

■ ¶ 10 The elements of slander of title include: 1) publication; 2) a false statement in the publication; 3) malice in the publication; 4) special damage resulting from the publication; and 5) ownership or possession of the property that is the subject of the publication. *Borison v. Bank Leumi Trust Co. of New York*, 1998 OK CIV APP 196, ¶ 5, 972 P.2d 1188, 1189–90. An assertion that the publication was privileged is a defense to a charge of slander of title. *Id.* ¶ 5, 972 P.2d at 1190. A fair and true report of any judicial proceeding is a privileged publication. *Id.* The filing of a judgment is a privileged publication and cannot form the basis of a slander of title action. *See id.* Discover argued it was entitled to judgment as a matter of law as to the slander of title claim because the Statement of Judgment was a privileged publication and, therefore, Grasz could not prove a false statement or malice in the publication. Grasz did not counter Discover's assertions in his response to Discover's Amended Motion to Dismiss or his Motion for Partial Summary Judgment. Grasz failed to provide any factual or legal authority to support summary judgment with respect to his slander of title claim.

■ ¶ 11 In *Borison*, the court found "no Oklahoma authority that failure to release an authorized judgment, *which has not*

---

1. In his Supplemental Brief in Response to Defendant's Motion to Dismiss filed October 5, 2012, Grasz argues the bankruptcy order is *res judicata.* There is no evidence in the record that the bankruptcy order was final.

*been satisfied,* constitutes slander of title." 1998 OK CIV APP 196, ¶ 10, 972 P.2d at 1190 (emphasis added). Here, Discover failed to release an authorized judgment, *which had been discharged in bankruptcy.* Therefore, we hold Discover was not entitled to judgment as a matter of law based on the privileged publication defense. The case is remanded for further proceedings on the slander of title claim.

¶ 12 REVERSED AND REMANDED.

JOPLIN, C.J., and BELL, J., concur.